# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re: </br></br>DWIGHT DAVID ARANT, </br></br></br>_____Debtor_____ </br></br></br>DWIGHT DAVID ARANT, </br></br>        Plaintiff. </br></br>vs. </br></br>MID-AMERICA CARPENTERS REGIONAL COUNCIL </br></br>        Defendant. | Case No. 25-40394 </br>The Honorable Bonnie L. Clair </br>Chapter 7 </br></br></br>Adversary Case No. _____ </br></br></br></br></br>**MOTION FOR DECLARATORY JUDGMENT AS TO THE STANDING OF CREDITOR MID-AMERICA CARPENTERS REGIONAL COUNCIL TO BE A PARTY TO THIS CASE, AND FOR DECLARATORY RELIEF** |

Plaintiff, Dwight David Arant, states as follows:

## MOTION FOR DECLARATORY JUDGMENT AS TO MID-AMERICA CARPENTERS LACK OF STANDING IN THIS BANKRUPTCY CASE

### THE PARTIES

The plaintiff, Dwight David Arant ("Arant"), is a resident of St. Louis County, Missouri. The defendant, Mid-America Carpenters Regional Council ("MACRC"), is headquartered in Chicago, Illinois (the "Parties"). Arant is a defendant in St. Louis County Circuit Court case number 20SL-CC06055 ("20SL-CC06055"), and Arant is the debtor in this chapter 7 bankruptcy case ("Case").

The original plaintiff in 20SL-CC06055, the St. Louis – Kansas City Carpenters Regional Council ("STLCRC"), was reportedly dissolved September 27, 2021. MACRC

became substitute plaintiff in 20SL-CC06055. MACRC obtained an Order and Judgment ("O&J"), attached as Exhibit 1. MACRC alleges the O&J is proof of its claim in the Case.

## SUBJECT MATTER JURISDICTION AND DIVERSITY

Three promissory notes ("3 Notes"), attached as Exhibits 2, 3, and 4, state that STLCRC, the original plaintiff, is the lender, thereby creating a legal controversy pertaining to the standing of MACRC to apply the O&J as proof of its claim.

MACRC alleges it is a creditor in the Case based upon the O&J. However, MACRC is not a party to the 3 Notes. A legal determination of the validity of MACRC's proof of claim is the subject matter of this action.

The United States Bankruptcy Court Eastern District of Missouri has subject matter jurisdiction on the particulars of MACRC's proof of claim in this Case. Diversity jurisdiction allows a plaintiff to file, or a defendant to remove, their case in federal court. It requires complete diversity between parties to the lawsuit and the amount in controversy must exceed $75,000. The opposing Parties here have complete diversity in that they do not share state citizenship (*Strawbridge v. Curtiss* (1806)), and the amount in controversy exceeds $75,000.

## GOVERNING LAW

The 3 Notes each include the following statement: (italics added)

>"**Governing Law.** *This Note will be governed by, construed and enforced in accordance with federal law and the laws of the State of Missouri.*"

## MACRC IS NOT A PARTY OF INTEREST HERE

In suits on promissory notes, "a party must be a holder in order to be the real party in interest." *United Postal Sav. Assoc. v. Norbob Enterprises, Inc.*, 792 S.W.2d 898, 901

2

(Mo. App. E.D. 1990). Because MACRC is not the real party in interest, declaratory judgment is warranted. And on a more rudimentary level, MACRC has never made a demand upon Arant for payment under any of the Notes. The only demands came from STLCRC. Absent such a demand for payment, MACRC cannot satisfy a fundamental element of its claim. *Apollo*, 366 S.W.3d at 80.

When MACRC attempts to recover a debt owed to STLCRC, "proof of an assignment of the account is essential to recovery." "[E]very link in the chain between the party to which the debt was originally owed and the party trying to collect the debt must be proven by competent evidence in order to demonstrate standing." When there are multiple assignments, each assignment must be proven valid. *CACH, LLC v. Askew*, 35 S.W.3d 58 61-62 (Mo. 2012).

MACRC is not mentioned anywhere on the 3 Notes. The sole entity described as the "lender" is STLCRC. In a similar vein, the "promise to pay" language in the 3 Notes state that payments are to go to STLCRC. Thus, STLCRC is the "holder" of the Notes because it is to "whom the instrument is made payable." *Cygnus SBL Loans, LLC v. Hejna*, 584 S.W.3d 324, 334-35 (Mo. App. W.D. 2019). And STLCRC, then, is the only thing or entity that may enforce the 3 Notes.

### UNILATERAL MODIFICATION PROHIBITED AND DEBT PAID

The final paragraph in each of the 3 Notes includes §432.047, 3.(1) RSMo., a boldface paragraph prohibiting unilateral modifications to credit agreements by stating: **"this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify"** (Italics added). Therefore, by §432.047, 3.(1) RSMo., the 3 Notes are non-transferable debt instruments,

3

except by written agreement of the parties, and no such written agreements have ever existed. Material evidence shows that STLCRC, the original plaintiff in 20SL-CC06055, received funds in excess of the total stated principal amount of $502,000.00 in the 3 Notes, and received surplus funds from a fourth Note. There is no evidence of Arant's indebtedness connected to the 3 Notes on, or after, September 27, 2021.

## DECLARATORY JUDGMENT IS APPROPRIATE

Among the reasons for declaratory judgments are to determine questions of construction, or validity, under contracts, by declaring rights, status and other legal relations. MACRC entered no evidence whatsoever that it is the holder of the 3 Notes, and, therefore, no proof it is a real party in interest in the Case. MACRC obtained a Judgment in its favor, the O&J, and the O&J is made invalid by the facts of the matter stated herein.

## DECLARATORY RELIEF REQUESTED

WHEREFORE, Arant respectfully requests this Court to declare the following:

a) MACRC's bankruptcy claim is dismissed for lack of standing in the 3 Notes;

b) The O&J in Case 20SL-CC06055 (MACRC's proof of claim here) is dismissed due to MACRC's lack of standing in the 3 Notes;

c) MACRC to reimburse Arant for his legal costs and expenses in this Case and 20SL-CC06055;

d) This Bankruptcy Court, at a bench trial, hears and rules on Arant's tort counterclaims in 20SL-CC06055, which include material evidence that certain business creditors' claims in Arant's chapter 7 Case be wholly satisfied by MACRC, as these certain claims are the consequences of substitute plaintiff MACRC's bad faith and unfair dealings; and

e) Such other and further relief as this Court deems just and proper.

4

Respectfully submitted,

*Dwight David Arant*

DWIGHT DAVID ARANT
7275 Meramar Drive
St. Louis, MO 63129
Phone: (314) 422-4427
dwightarant@gmail.com

## CERTIFICATE OF SERVICE

I, Dwight David Arant, certify that a true and correct copy of the foregoing document was filed in person on the 15 day of April 2025, with the United States Bankruptcy Court, and has been served on the parties in interest listed below.

I, Dwight David Arant, certify that a true and correct copy of the foregoing document was filed in person on the 15 day of April 2025, with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to the parties listed below on the 15th day of April, 2025.

### PARTIES IN INTEREST:

Kristen J Conwell, Chapter 7 Trustee
Conwell Law Firm LLC
PO Box 56550
St. Louis, MO 63156
kconwell@conwellfirm.com

Sherrie Hall
Workers Rights Law Firm LLC
2258 Grissom Drive
St. Louis, MO 63146
314-824-0348
314-828-1029 (fax)
sherrie.workersrights@gmail.com

Mid America Carpenters Regional Counsel
McCann, Ketterman & Rious
111 E. Wacker Drive
Suite 2300
Chicago, IL 60601
sherrie.workersrights@gmail.com

5